IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard W. Faust, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 0:08-00666-RBH-PJG |
| | ) | |
| v. | ) | |
| | ) | |
| Ray Nash, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendant's motion for summary judgment. (Docket Entry 15.) The plaintiff, Richard W. Faust ("Faust"), a former pretrial detainee proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendant violated his constitutional rights. Essentially, Faust complains that while he was a pretrial detainee at Dorchester County Detention Center ("DCDC"), he was forced to eat from damaged food trays that contained "soap scum, food particles, and a slimey, black in color, bacteria and/or fungus" and, as a result, suffered from "stomach sicknesses and ailments." (Compl., Docket Entry 1 at 3.)

### PROCEDURAL HISTORY

The defendant has moved for summary judgment. (Docket Entry 15.) By order of this court filed May 21, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Faust was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 16.) Faust timely filed a response in opposition to the defendant's motion for summary judgment. (Docket Entry 18.) The motion is now before the court for a Report and Recommendation.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

**DISCUSSION**

In his complaint, Faust contends that while he was at DCDC he was served food on unsanitary food trays. Faust claims that he suffered from stomach ailments on many occasions immediately after he consumed food from these trays. Faust asserts that occasionally the nurse would give him antacids or ibuprofen for relief. Faust requests compensatory and punitive damages for the alleged violation of his constitutional rights.

**A.     Exhaustion**

As an initial matter, the defendant contends that this matter should be dismissed because Faust has not exhausted his administrative remedies, as required by the Prison Litigation Reform Act, specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[1] To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001).

The defendant has the burden of establishing that Faust failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The defendant has submitted the affidavit of Wanda Taylor, the Operations Lieutenant Detention Supervisor at DCDC. (See Docket Entry 15-3.) Taylor attests that she has held her position since April 2006, and, as part of administrative support duties, she gathers documents for an inmate's file. Taylor attests that "[a]ll grievance forms submitted by an inmate are processed and acted upon and then permanently filed in the inmate's personnel file." (Id. ¶ 3.) Faust claims that he filed two

---

[1] Pretrial detainees are specifically included in this requirement pursuant to § 1997e(h), which defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."

grievances concerning the claim in this case, one on January 26, 2008 and one on January 30, 2008. (Compl., Docket Entry 1 at 2.) Taylor asserts that she made a diligent search and examination of Faust's personnel file and could not locate grievance forms filed on either of those dates. However, Taylor attests that she located one grievance form, dated February 5, 2008, regarding outdoor recreation. Taylor attests that Faust did not file or submit any other grievances or complaints. Taylor attests that Faust did not exhaust his remedies concerning this complaint. The defendant also submitted the DCDC grievance procedure and a blank grievance form.

In response, Faust contends that he submitted the grievances and they were ignored. He further alleges that the grievance system at DCDC is dysfunctional. However, Faust has not provided any copies of the grievances he alleges that he filed or any other material or evidence that supports his argument. Therefore, the court recommends that this matter be dismissed based on Faust's failure to exhaust his administrative remedies.

**B.     Conditions of Confinement**

Alternatively, the defendant contends he is entitled to summary judgment on the merits of the claim concerning Faust's conditions of confinement. Conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). Further, the proper inquiry is whether Faust's conditions or restrictions of confinement amounted to punishment before a proper determination of guilt. Bell, 441 U.S. at 536-37; Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." Bell, 441 U.S. at 537. To determine whether a particular condition or restriction of confinement is constitutionally impermissible "punishment," the proper inquiry is whether it was "(1) imposed with an expressed intent to punish or (2) not

reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." Martin, 849 F.2d at 870.

In this case, there is no indication, and Faust does not allege, that he was served food on allegedly unsanitary food trays with any intent to punish him. Further, Taylor attests that the Department of Health and Environmental Control ("DHEC") inspected DCDC on August 3, 2007 and "after a detailed inspection of food handling and serving, the inspector found the facility to be in compliance with DHEC standards." Taylor further attests that on January 7, 2008, the South Carolina Department of Labor, Licensing and Regulation, Office of Occupational Safety and Health, conducted a similar inspection and found no violations. (Taylor Aff. ¶ 6, Docket Entry 15-3.) The evidence also reveals that on January 29, 2008 DCDC received a satisfactory rating after an inspection. (See Inspection Report, Docket Entry 15-5.) Faust contends that the food trays must have been ignored by the inspectors or hidden from view. However, Faust provides no support for his speculation.

"[F]or prison conditions to rise to the level of unconstitutional punishment, 'there must be evidence of a serious medical and emotional deterioration attributable to the challenged condition.'" Strickler v. Water, 989 F.2d 1375, 1380 (4th Cir. 1993) (quoting Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990)). Faust contends that he has suffered from stomach ailments on many occasions immediately after he consumed food from the allegedly unsanitary trays. Faust asserts that upon request the nurses provided him with antacids or ibuprofen for relief. However, there is no indication that any injury Faust received was more than *de minimis*. Faust must demonstrate more than a *de minimis* pain or injury to survive summary judgment, which he has failed to do. See Riley v. Dorton, 155 F.3d 479 (4th Cir. 1998) (stating that "under the Fourteenth Amendment 'there is, of course, a *de minimis* level of imposition with which the Constitution is not concerned'") (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)).



Moreover, it appears that the defendant, who is the Sheriff of Dorchester County, would be entitled to qualified immunity on Faust's claim. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").  Finally, there is no indication that Nash had personal knowledge of or involvement in the alleged violations of Gibbs's constitutional rights.  As the Sheriff of Dorchester County, Nash cannot be held liable under § 1983 for the actions of DCDC employees absent a showing of a personal connection between Nash and the denial of Gibbs's constitutional right.  See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.  The doctrine of respondeat superior has no application under this section.'") (quoting Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977)).

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion for summary judgment (Docket Entry 15) be granted.

*Paige J. Gossett*  
_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

February 16, 2009  
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).